```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION


VINCENT SCARDINA,               :

     Petitioner,                :

v.                              :     CIVIL ACTION 07-0348-WS-M

JERRY FERRELL,                  :

     Respondent.                :
```

REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. This action is now ready for consideration. The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that this habeas petition be dismissed as time barred and that judgment be entered in favor of Respondent Jerry Ferrell and against Petitioner Vincent Scardina pursuant to 28 U.S.C. § 2244(d).

Petitioner was convicted of first degree sodomy in the Circuit Court of Baldwin County on August 27, 1997,[1] for which he received a sentence of twenty years in the state penitentiary (Doc. 1; Doc. 17, Exhibit A, Vol. I, p. 9). On appeal, the

---

[1] Though Petitioner states that he was convicted on October 23, 1997 (Doc. 1, p. 2), Court records indicate that the actual date was August 27, 1997 (Doc. 17, Exhibit A, Vol. I, p. 9).

Alabama Court of Criminal Appeals affirmed the conviction (Doc. 17, Exhibit C).  On May 14, 1999, the Alabama Supreme Court denied Scardina's petition for writ of *certiorari* and entered a certificate of final judgment (Doc. 17, Exhibit F).

Petitioner filed a complaint with this Court on May 15, 2007 raising the following claims:  (1) His attorney rendered ineffective assistance of trial counsel;[2] (2) the Trial Court improperly denied his motion for a polygraph expert witness; (3) there was insufficient evidence to convict him; (4) the Trial Judge gave an improper jury charge; (5) Petitioner was not given an opportunity to confront the witnesses against him; (6) the Court improperly allowed the State to proffer a witness who was no expert; (7) the Trial Judge did not allow the Defense Expert Witness the same opportunity to testify that the State's Expert was given; (8) the State's Expert Witness engaged in hearsay; and (9) the Trial Court improperly denied him the services of a Mental Health Expert (Doc. 1).

Respondent has answered the petition, arguing that it should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 17, pp. 35-37).  Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in pertinent part, 28 U.S.C. § 2244.  The specific provision states as follows:

---

[2]The Court notes that there are numerous particular sub-claims of ineffective assistance which will not be set out herein.

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A).

The AEDPA became effective on April 24, 1996. *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).

Petitioner's conviction became final on May 14, 1999, the day on which the Alabama Supreme Court denied Scardina's petition for writ of *certiorari* (Doc. 17, Exhibit F). However, because Scardina had ninety days in which to seek direct review of his conviction in the U.S. Supreme Court, those ninety days do not count against him—whether he actually sought review or not. *See Coates v. Byrd*, 211 F.3d 1225, 1226-1227 (11th Cir. 2000) *cert. denied*, 531 U.S. 1166 (2001). Ninety days after May 14, 1999 is August 12, 1999. Therefore, the Statute of Limitations clock began to run the next day August 13, 1999.

Petitioner's habeas corpus petition was not filed in this Court until May 15, 2007, more than six years after the one-year limitations period had expired (*see* Doc. 1). However, Scardina had filed a Rule 32 petition in State court on May 8, 2000 which was before the limitations period had expired (*see* Doc. 17, Exhibit G, Vol. I, p. 3). AEDPA states that "[t]he time during

3

which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The Court notes that two hundred seventy (270) days passed from the time the statute of limitations clock began running until it was tolled with the filing of Petitioner's first Rule 32 petition.  The denial of the petition was affirmed by the Alabama Court of Criminal Appeals which, on January 27, 2003, also entered a certificate of judgment (Doc. 17, Exhibits H, I). The next day, the limitations clock began running again.

Petitioner filed his second Rule 32 petition on April 21, 2003 (Doc. 17, Exhibit J, p. 5).  Eighty-four more days had run off the clock; the total number of days which had run on the statute-of-limitations clock had grown to three hundred, fifty-four (354) days.  The Alabama Court of Criminal Appeals affirmed the denial of Scardina's petition (Doc. 17, Exhibit K); though the Alabama Supreme Court initially granted a petition for *certiorari*, on October 1, 2004, the writ was quashed and judgment was entered (Doc. 17, Exhibits M, N, O).

Petitioner filed a third State Rule 32 petition which did not conclude until October 13, 2006 when the Alabama Supreme Court issued a certificate of judgment (Doc. 17, Exhibit X). Respondent has stated that there were many State court filings and rulings between the time Scardina's second Rule 32 petition

was concluded and the third Rule 32 petition was concluded, but that there was "confusion about the procedural status of Scradina's post-conviction proceedings" (Doc. 17, p. 37). Because of this, the State did not seek to include any of the time between the filing of the second State Rule 32 petition and the conclusion of the third State Rule 32 petition on the statute-of-limitations clock (*id.*).  However, on October 14, 2006, the day after judgment was entered on Scardina's third State Rule 32 petition, the clock began running again.

Petitioner filed this action on May 15, 2007 (Doc. 1), after having allowed the clock to run an additional two hundred fourteen (214) days.  When these days are added, the clock ran a total of five hundred sixty-eight (568) countable days between the time Scardina's conviction became final and he filed this action.

Clearly, Petitioner's habeas corpus petition was filed well beyond the one-year limitation period and filed in violation of 28 U.S.C. § 2244(d).  The Court finds that Petitioner has provided no cause for ignoring the dictates of the Anti-Terrorism and Effective Death Penalty Act of 1996:  this action is time-barred.[3]

---

[3] On August 3, 2007, this Court entered an Order, giving Petitioner until August 27, 2007 to reply to Respondent's assertion that this action should be dismissed as time-barred (Doc. 19).  On that same date, Scardina filed a pleading which set out the reasons why Petitioner believed dismissal was inappropriate (Doc. 18).  Having thoroughly reviewed that pleading, the Court finds no good reason to wait until August 27, 2007 for Petitioner to file an additional reply.

For the reasoning stated herein, it is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Jerry Ferrell and against Petitioner Vincent Scardina pursuant to 28 U.S.C. § 2244(d).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de</u> <u>novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en</u> <u>banc</u>).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

6

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 7th day of August, 2007.

                                        s/BERT W. MILLING, JR.
                                        UNITED STATES MAGISTRATE JUDGE